1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT E. NESBITT,

        Plaintiff,

    v.

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY,

        Defendant.

Case No.  C11-2117RSL

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. # 30) filed by defendant Progressive Northwestern Insurance Company ("Progressive").   Progressive requests that the Court dismiss all remaining claims filed by plaintiff Robert Nesbitt, who asserts claims arising out of an insurance contract with Progressive.  The Court heard oral argument on October 29, 2012.

For the reasons set forth below, the Court grants defendant's motion.

## II.  DISCUSSION

### A.    Background Facts

Plaintiff has two cars, a 1987 Mercedes-Benz and a 1995 Mitsubishi, both of which are insured by Progressive under a common policy.  Order (Dkt. # 11) at 1-2.  The policy contains

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

1   personal injury protection ("PIP") up to a limit of $10,000 and underinsured motorist ("UIM")

2   coverage up to $25,000 per person. Id. at 2.

3       On July 15, 2010, plaintiff was washing his cars in the street when another driver crashed

4   into the Mitsubishi, propelling the Mitsubishi into the back of the Mercedes. Id. The Mercedes

5   shot forward and hit the plaintiff. Id. Plaintiff suffered serious injuries. Id. Plaintiff reported

6   the claim to Progressive the following day. Motion (Dkt. # 30) at 2.

7       On April 4, 2011, the third-party tortfeasor's insurance company offered to pay plaintiff

8   $50,000, the tortfeasor's policy limits, to settle plaintiff's personal injury claim. Notice of

9   Removal (Dkt. # 1), Ex. B (the "Complaint") at 4. Plaintiff, through his attorney, offered

10   Progressive the opportunity to pay plaintiff $50,000 in exchange for his right to sue the third-

11   party tortfeasor. Response (Dkt. # 32) at 22. Progressive did not respond and as a result,

12   plaintiff informed Progressive that he planned to accept the offer from the third-party

13   tortfeasor's insurance company. Id. at 24. At that time, plaintiff also requested that Progressive

14   open a file for his UIM claim and assign an adjustor. Id. Plaintiff did not receive a response

15   from Progressive. Id. at 6.

16       Unfortunately, the third-party tortfeasor's insurance company subsequently determined

17   that plaintiff could not recover PIP medical benefits from it because plaintiff was not actually

18   struck by its insured auto. Id. at 27. After receiving notice of this decision, Progressive re-

19   opened plaintiff's PIP claim and paid him $9,217.28. Id. at 30-31. Progressive also paid

20   plaintiff $3,043.29 for property damage to the Mitsubishi, $3,600 for property damage to the

21   Mercedes, and $25,000 in UIM coverage. Order at 2.

22       On November 10, 2011, plaintiff filed suit against Progressive in King County Superior

23   Court for breach of contract and unfair and deceptive trade practices. Complaint. The case was

24   removed to federal court on December 16, 2012 by Progressive. On May 25, 2012, the Court

25   granted Progressive's motion for partial summary judgment, dismissing plaintiff's contract-

26   based claims. Order at 13. Plaintiff's remaining claims against Progressive include violations of

27

28   ORDER GRANTING MOTION
    FOR SUMMARY JUDGMENT - 2

1   Washington's Consumer Protection Act, RCW 19.86.090, and the Insurer Fair Conduct Act,

2   RCW 48.30.15.  Motion at 1-2.  Plaintiff also alleges that Progressive acted in bad faith.  Id.

3   Progressive now requests that the Court dismiss all of plaintiff's remaining claims.

4   **B.     Summary Judgment Standard**

5          Summary judgment is appropriate when, viewing the facts in the light most favorable to

6   the nonmoving party, the records show that "there is no genuine dispute as to any material fact

7   and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the

8   moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

9   fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file,

10  "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S.

11  317, 324 (1986).

12         All reasonable inferences supported by the evidence are to be drawn in favor of the

13  nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

14  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary

15  judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d

16  626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the

17  non-moving party's position is not sufficient."  Triton Energy Corp. v. Square D Co., 68 F.3d

18  1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving

19  party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Id.

20  **C.     Plaintiff's Request for Continuance**

21         Plaintiff's vague request for a continuance does not meet the strictures of Federal Rule of

22  Civil Procedure 56.  Plaintiff does not state what the requested discovery will reveal or how it

23  will defeat summary judgment.  His vague motion is insufficient to justify a continuance.  See,

24  e.g., Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party

25  requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts

26  that further discovery would reveal, and explain why those facts would preclude summary

27

28  ORDER GRANTING MOTION
    FOR SUMMARY JUDGMENT - 3

1   judgment."). Accordingly, plaintiff's motion for a continuance is denied.

2   **D.   Defendant's Motion to Strike**

3       In its reply, Progressive makes two requests to strike documents submitted by plaintiff.

4   First, Progressive requests that the Court strike plaintiff's entire response as untimely pursuant to

5   Local Civil Rule 7(d)(3). Reply (Dkt. # 33) at 2. In light of the strong interest in resolving

6   disputes on their merits and the fact that Progressive received plaintiff's response just one day

7   after the deadline, the Court has considered plaintiff's untimely response. The Court assumes

8   that plaintiff's counsel will take whatever steps are necessary to avoid future technical problems

9   in filing on the CM/ECF system, including not waiting until the last minute before attempting to

10  docket his responsive memorandum.

11      Second, Progressive requests that the Court strike the exhibits attached to plaintiff's

12  response because they were submitted without a separate affidavit or declaration. Id. at 2-3.

13  Although the better practice is to submit a separate supporting affidavit or declaration with

14  exhibits, the Court finds that plaintiff's counsel's signed statement in the body of response

15  provides sufficient authentication for admissibility. See Las Vegas Sands, LLC v. Nehme, 632

16  F.3d 526, 533 (9th Cir. 2011). Therefore, the Court denies Progressive's motion to strike.

17  **E.   Analysis**

18      **a.   Bad Faith**

19      Plaintiff claims that Progressive acted in bad faith by initially refusing to process his UIM

20  claim without justification, failing to extend PIP coverage and UIM coverage under the

21  provisions of the insurance policy issued under the Mitsubishi, and mishandling his PIP claim.

22  Complaint at 6-7. In its motion, Progressive requests that the Court dismiss all of plaintiff's

23  remaining claims. Mot. at 17. During oral argument, plaintiff abandoned his claims regarding

24  Progressive's handling of his UIM claim. Therefore, the Court confines its inquiry to plaintiff's

25  claim that Progressive mishandled his PIP claim.

26      An insured's claim of bad faith against the insurer is analyzed using the same framework

27

28  ORDER GRANTING MOTION
    FOR SUMMARY JUDGMENT - 4

1   as any other tort.  Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485 (2003).  To prevail, the insured

2   must establish that the insurer's breach was unreasonable, frivolous, or unfounded.  Overton v.

3   Consol. Ins. Co., 145 Wn.2d 417, 433 (2002).  The Washington Administrative Code ("WAC")

4   contains The Unfair Claims Settlement Practices Regulation, WAC 284-30-300 to 284-30-450,

5   governing the conduct of insurance companies in handling claims.  A violation of those

6   regulations establishes a breach of the duty of good faith.  Am. Mfrs. Mut. Ins. Co. v. Osborn,

7   104 Wn. App. 686, 697-98 (2001).  Plaintiff's bad faith claim is premised on Progressive's

8   failure to respond to communications about PIP claims in violation of WAC 284-30-330(2) and

9   284-30-360(3).  Response at 5-6.

10          Progressive contends that plaintiff cannot maintain a claim of bad faith because this Court

11   determined that "[p]laintiff was not entitled to any further benefits under the policy" and

12   dismissed plaintiff's breach of contract claim.  Reply at 7.  The Washington Supreme Court has

13   previously rejected this line of argument.  Coventry Associates v. American States Ins. Co., 136

14   Wn.2d 269, 279(1998) ("We hold an insured may maintain an action against its insurer for bad

15   faith investigation of the insured's claim and violation fo the CPA regardless of whether the

16   insurer was ultimately correct in determining coverage did not exist.  An insurer's duty of good

17   faith is separate from its duty to indemnify if coverage exists.").

18           However, to succeed on a claim of bad faith, an insured must show that he was harmed

19   by the insurer's bad faith conduct.  Id. at 277.  Plaintiff has not provided any evidence that he

20   suffered any specific harm as a result of Progressive's regulatory violations.  See Response at 8.

21   Plaintiff's allegation that he suffers the  "burden" of paying medical bills with money he

22   received from Progressive is insufficient to prove "actual harm."  St. Paul Fire & Marine Ins. Co.

23   v. Onvia, Inc., 165 Wn.2d 122, 133 (2009).  Plaintiff has failed to raise a genuine issue of

24   material fact as to the harm element and his bad faith claim fails as a matter of law.

25          **b.      Consumer Protection Act ("CPA")**

26          To succeed on a CPA claim, a plaintiff must show (1) an unfair or deceptive act or

27

28   ORDER GRANTING MOTION
     FOR SUMMARY JUDGMENT - 5

1    practice in trade or commerce that impacts the public interest, and (2) resulting injury to the

2    claimant's business or property.  Am. Mnfs. Ins. Co., 104 Wn. App. at 697.  The insured may

3    establish the first element by showing that the insurer violated a subsection of WAC 284-30-330.

4    Id.

5         Plaintiff relies on the same facts underlying his claim of bad faith to assert a claim that

6    Progressive violated the CPA.  See Response at 8-9.  Progressive does not respond to plaintiff's

7    allegation that it violated The Unfair Claims Settlement Practices Regulation in its reply, but

8    asserts that plaintiff has not suffered any resulting injury and therefore, his claim cannot succeed.

9    Reply at 7-9.  The Court agrees with Progressive.  Although plaintiff may be able to establish

10   that Progressive engaged in an unfair or deceptive act by failing to communicate with him in a

11   timely manner, he has not provided any evidence that the alleged unfair act resulted in injury to

12   his business or property.  Plaintiff's assertion that Progressive's conduct "caused him to suffer

13   real and actual damages" is insufficient to defeat summary judgment.  Baldwin v. Silver, 165

14   Wn. App. 463, 471 (2011) ("A nonmoving party cannot defeat a motion for summary judgment

15   with conclusory statements of fact").  Therefore, the Court grants Progressive's motion for

16   summary judgment on plaintiff's CPA claim.

17        c.    Insurance Fair Conduct Act ("IFCA")

18        Progressive moves to dismiss plaintiff's IFCA claim on the grounds that plaintiff was not

19   denied coverage, Progressive acted reasonably in paying the amounts due under the policy, and

20   plaintiff has not suffered any damages as result of Progressive's conduct.  Motion at 15-16.

21   Plaintiff has not raised any arguments or presented any evidence in response to defendant's

22   request for summary judgment on his IFCA claim.  The Court considers such a failure to be "an

23   admission that the motion has merit."  Local Civil Rule 7(b)(2).  Additionally, the Court finds

24   that plaintiff's claim fails as a matter of law because he was not denied coverage.  Cardenas v.

25   Navigators Ins. Co., 2011 WL 6300253, at *6 (W.D.Wash. Dec. 16, 2011) ("Although violations

26   of the enumerated regulations provide grounds for trebling damages or for an award of

27

28   ORDER GRANTING MOTION
     FOR SUMMARY JUDGMENT - 6

attorney's fees; they do not, on their own, provide a IFCA cause of action absent an

unreasonable denial of coverage or payment of benefits.").

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Progressive's motion for summary

judgment (Dkt. # 30).  The Court GRANTS the motion as to plaintiff's claims of bad faith,

violation of the CPA, and violation of the IFCA.  The Clerk of the Court is directed to enter

judgment in favor of defendant and against plaintiff.

DATED this 29th day of October, 2012.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge